## No. 1926.—WILLIAM A. HYDE v. PETER MARCY.

In an action upon a joint obligation, all the parties thereto must be made parties to the suit. C. C., 2080, 2081, 2082.

Where, therefore, a suit was brought in New Orleans, upon a joint promissory note, made there, and one of the defendants in such suit, an absentee, who had neither a residence nor property in Louisiana, was cited, through a curator *ad hoc:* Held—That he was a necessary party; that the only course left was to appoint for him a curator *ad hoc*, and that he subjected himself to this eventuality by signing the agreement in suit. 5 An. 674.

Whether or not such a judgment, as against the absentee, can have any extra territorial effect, it is not, in Louisiana, a nullity.

APPEAL from the Fourth District Court of New Orleans. *Théard*, J. *Cazabat & Philips*, for plaintiff and appellant. *Bradford, Lea & Finney*, for defendant and appellee.

HOWE, J. In 1867, a judgment was rendered by the Fourth District Court of New Orleans, against William A. Hyde and T. G. Mackie, as joint debtors, upon a promissory note, executed by them as ordinary partners, dated in New Orleans, October 7, 1859, and payable at the Citizens' Bank of Louisiana. Mackie was personally cited, but, it appearing that Hyde could not be found, and the sheriff being credibly informed that he was out of the State, a curator *ad hoc* was appointed to represent him, contradictorily with whom the suit was carried on, with the result above stated.

The suit now before us was instituted by William A. Hyde, to annul the judgment thus obtained against him, "because" (in the language of his petition), "he was never cited, as required by law, he being at the time a resident of the State of Texas." He does not allege that, at the time, he had no property in Louisiana, but the fact that he had not may be fairly gathered from the record as a whole, and the positions assumed by counsel in the argument.

The defendant filed his peremptory exception of no cause of action, an answer to the merits, and a plea in reconvention, praying for judgment upon the note, in case the judgment above recited should be annulled.

The exception was maintained. and the suit dismissed, and the plaintiff has appealed.

The note in question was made in New Orleans; the makers' firm was domiciled here, as it seems, and their obligation was payable here. It was a joint obligation; and, when the defendant sought to collect it by suit, the plaintiff, Hyde, became a necessary party, under

the provisions of articles 2080, 2081 and 2082 of the Civil Code. If, then, he was an absentee, the only course left was to appoint for him a curator ad hoc. In the language of this court, in Jelks v. Smith, 5 An. 674, "he subjected himself to this eventuality by signing the agreement on which the suit was brought."

The plaintiff's counsel seem to admit that, up to this point, the proceedings were regular; that, in deference to the provisions of law, respecting joint debtors, it was proper to thus make him a party. But they insist, with much earnestness, that no judgment could or should have been rendered against him; that he might be thus made a joint defendant, in order to satisfy a legal requirement, but not for any further purpose.

The question thus presented is not free from doubt, but we prefer to follow the decision in Jelks v. Smith, above cited, rendered, as it was. in full view of the leading case of Dupuy v. Hunt, 2 An. 562. See, also, Field v. Delta Company, 19 An. 36. If, therefore, in the present case, the proceedings on the note were such as to satisfy the requirement that "all the obligors must be made defendants," C. C. 2080, we must think that, being made defendants, they were both subject to the liabilities of that position, and that the judgment against Hyde was not a nullity. How far it can have any extra territorial effect, is not for us to determine in this case.

It is therefore ordered that the judgment appealed from be affirmed. with costs.